**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IGNACIO GARCIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TYLER JACOB GRIFFITH, *et al.*,<br><br>Defendants. | Civil Action No. 26-9338 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs Ignacio Garcia ("Garcia"), Ramona Sanchez Estevez, Christian Arnaud Valdez ("Valdez"), and Berenice Fernandez D. Arnaud's (collectively, "Plaintiffs") Motion to Remand. (ECF No. 4.) On July 24, 2026, Defendants Tyler Jacob Griffith ("Griffith") and Home Depot USA, Inc. ("Home Depot," and together with Griffith, "Defendants") removed this personal injury action from the Superior Court of New Jersey, Middlesex County, on the basis of diversity jurisdiction[1] pursuant to 28 U.S.C. §§ 1332(a), 1441(b). (*See generally* Not. of Removal, ECF No. 1.) On July 31, 2026, Plaintiffs filed this Motion to Remand, arguing that Defendants' removal was untimely under 28 U.S.C. §§ 1446, 1447 because Home Depot was aware that the amount in controversy exceeded $75,000 based upon: (1) Garcia's pre-suit written settlement demand in the amount of $2,000,000 with associated $927,343 of medical expenses; and (2) Valdez's pre-suit written settlement demand in the amount of $4,000,000 with associated $94,835 of medical expenses. (*See generally* Pls.' Moving Br., ECF

[1] Diversity of citizenship is not at issue here. Plaintiffs are all citizens of New Jersey, Home Depot is a citizen of Georgia, and Griffith is a citizen of Ohio. (Not. of Removal ¶ 4.)

No. 4-4.) On August 24, 2026, Defendants filed an opposition brief. (*See generally* Defs.' Opp'n Br., ECF No. 5.) Defendants contend that, under the bright-line approach adopted in *McLaren v. UPS Store Inc.*, 32 F.4th 232 (3d Cir. 2022), they timely removed this action because they learned this case was removable after Plaintiffs served their answers to Defendants' interrogatories on June 24, 2026. (*See generally id.*) Plaintiffs did not file a reply brief.

A defendant may remove a civil action filed in state court to federal court if the federal court would have original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Once the case has been removed, a district court may remand the matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). All doubts are, accordingly, resolved in favor of remand, *id.* at 403, and the removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper, *Boyer*, 913 F.2d at 111; 28 U.S.C. §§ 1441, 1446, 1447.

"Two thirty-day clocks limit the time within which a defendant may remove a case." *McLaren*, 32 F.4th at 236 (citing 28 U.S.C. § 1446). A defendant may remove a case to federal court either: (1) "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"; or (2) if a case is not removable based on the initial pleadings, within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Under the bright-line approach a court "must first consider 'the four corners of the [Complaint]' to determine whether the [Complaint] informs the defendant[s] 'to a substantial degree of specificity' that there is federal subject matter

jurisdiction for subsection (b)(1)'s thirty-day period to begin running." *Mariani v. Raymours Furniture Co., Inc.*, No. 24-10912, 2025 WL 1520699, at *4 (D.N.J. May 13, 2025) (quoting *McLaren*, 32 F.4th at 236), *report and recommendation adopted*, 2025 WL 1519221 (D.N.J. May 28, 2025). If the face of the Complaint is not sufficiently specific, then a court must "examine whether the thirty-day clock under [subsection] (b)(3) was triggered." *McLaren*, 32 F.4th at 236.

The Court finds that Defendants are correct that the thirty-day removability clock was triggered upon their receipt of Plaintiffs' answers to Defendants' interrogatories on June 24, 2026. (Defs.' Moving Br. at 11.) Here, Plaintiffs' Complaint does not specifically allege a damages amount. (*See generally* Compl., ECF No. 1-1); *see also Mariani*, 2025 WL 1520699, at *4 (noting that under the New Jersey Court Rules, litigants need not plead specific dollar amounts of damages). The four corners of the Complaint, therefore, did not trigger the removal clock. *McLaren*, 32 F.4th at 236. Plaintiffs' answers to Defendants' interrogatories, however, provided an itemized list of medical expenses, which put Defendants on notice that the $75,000 damages threshold was met in this action. (*See* Peters Decl. at *15, *31, ECF No. 5-1.[2]) Defendants attest that they received Plaintiffs' answers to their interrogatories on June 24, 2026. (*Id.* at *2, ¶ 2.) Therefore, Defendants timely filed their Notice of Removal on July 24, 2026.

The Court rejects Plaintiffs' contention that Defendants were aware that this action would exceed the jurisdictional damages before they filed their Complaint. (Pls.' Moving Br. at 16.) First, removability is not contingent upon what Defendants knew. *See McLaren*, 32 F.4th at 238. Second, Plaintiffs' pre-suit settlement demands do not constitute "other papers" under Section 1446(b)(3) because they were transmitted before the Complaint was filed. *See Signature Bldg. Sys. of Pa.*,

---

[2] Page numbers that are preceded by an asterisk refer to the page numbers atop the ECF header.

*LLC v. Motorist Mut. Ins. Co.*, No. 20-2348, 2021 WL 1946758, at *5 (M.D. Pa. May 14, 2021) (explaining that an "'other paper' [described in subsection (b)(3)] must . . . change the nature or understanding of the initial pleading" and "must be introduced *after* the initial pleading was already filed." (emphasis in original) (citation omitted)). Accordingly, when Defendants received Plaintiffs' answers to their interrogatories, Defendants received a document which informed them "to a substantial degree of specificity, [that] all the elements of federal jurisdiction [were] present." *McLaren*, 32 F.4th at 238 (first alteration in original) (quoting *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993)).

Based on the foregoing,

**IT IS**, on this 19th day of November 2026, **ORDERED** as follows:

1. Plaintiffs' Motion to Remand (ECF No. 4) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE